## THE CAMERONIA.

### SIMIANSKY et al. v. ANCHOR LINE, Limited.

#### No. 10406.

District Court, E. D. New York.
Feb. 18, 1930.

Harry D. Thirkield, of New York City, for libelants.

Lord, Day & Lord, of New York City (James S. Hemingway and Charles W. Merritt, both of New York City, of counsel), for respondent.

GALSTON, District Judge.

The libel seeks to recover for alleged damage to six bales of jute fabric carried on the steamship Cameronia on its voyage from Glasgow on or about the 20th of December, 1926, to the port of New York.

Upon discharge, the merchandise was found to have come in contact with sea water.

The libelants contend that this constituted a prima facie case of negligence against the shipowner, and places on the respondent the burden of showing that the vessel was seaworthy, and that the damage arose from an excepted peril. So much may be conceded.

The evidence shows that sea water had entered hold No. 1 in which the shipment was stored, from a leak in the top of the double bottom tank, and had come in contact with the merchandise.

The respondent relies upon its contract of carriage, i. e., the bill of lading. The bill of lading contains the following provision:

"1. This bill of lading is and shall have effect subject to:—

"(A) The terms and provisions of the Carriage of Goods by Sea Act, 1924, and of the Rules comprising the Schedule thereto (herein referred to as 'the Rules') as in the said Schedule set out and hereby incorporated in this Bill of Lading and/or as applied thereto by the said Act, and * * *"

The rules comprising the schedule to the Carriage of Goods by Sea Act 1924, referred to therein, contains the following provisions:

"Art. IV. 2. Neither the carrier nor the ship shall be responsible for loss or damage arising or resulting from. * * *

"(c) Perils, dangers and accidents of the sea or other navigable waters. * * *

"(p) Latent defects not discoverable by due diligence."

Respondent contends that the damage arose from one or both of the foregoing exceptions.

As to the former of the two exceptions, the proof shows that the voyage was rough, and that there was a good deal of pounding in the forward part of the ship. But, as was said in The Mongolian Prince (D. C.) 27 F.(2d) 985, heavy weather encountered by a steamship which was not catastrophic is not such a "peril of the sea" as is excepted in a bill of lading which incorporates the English Carriage of Goods by Sea Act 1924.

On the other hand, the respondent appears to be more successful coming within the second exception. The ship's carpenter testified that prior to the commencement of the voyage he examined the holds, including hold No. 1, and found its condition good. He described with particularity the hydraulic test that he made. It consisted in filling the double bottom tanks with water, opening the valves, and permitting the water level to rise as high as it could reach, to C deck through a pipe leading from the double bot-

tom tank. The test showed that the hold was tight with no leaks.

During the voyage an unusual amount of water was found in the bilges of the ship. Though from six to eight inches constituted an ordinary sounding in the bilges, on January 3d the sounding showed twelve inches. After pumping to bring the bilges to their normal level, the water in the tank was lowered from four feet three inches, its capacity, to two feet three inches. By keeping thereafter a depth in the tank of two feet six inches or lower, it was found that the bilges remained normal. Thus there was indicated the presence of a leak somewhere in the top of the double bottom tank. The testimony shows that, if the leak had not appeared in the top of the double bottom tank, water could not have entered No. 1 hold. It seems reasonable to conclude that the entire trouble arose from leaky rivets which had sprung in the course of the voyage.

In the circumstances, I find that the damage was caused by a latent defect in the vessel, not discoverable by the exercise of due diligence by the shipowner prior to departure.

Accordingly a decree may be entered dismissing the libel.